Lopez Marin v. Garland

BIA
Navarro, IJ
A046 002 995

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand twenty-two.

PRESENT:
　　　　GERARD E. LYNCH,
　　　　MICHAEL H. PARK,
　　　　STEVEN J. MENASHI,
　　　　　　　*Circuit Judges.*

———————————————————

HERNAN ANTONIO LOPEZ MARIN,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　　20-3291
　　　　　　　　　　　　　　　　　　　NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
　　　　*Respondent.*

———————————————————

**FOR PETITIONER:**　　　Steven Haskos, Esq., Law Office of Craig Relles, White Plains, NY.

**FOR RESPONDENT:**　　　Brian M. Boynton, Acting Assistant Attorney General;

Jonathan Robbins, Senior Litigation Counsel; Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Hernan Antonio Lopez Marin, a native and citizen of Colombia, seeks review of an August 27, 2020, decision of the BIA affirming a May 24, 2018, decision of an Immigration Judge ("IJ") denying his application for protection under the Convention Against Torture ("CAT"). *In re Herman Antonio Lopez Marin,* No. A046 002 995 (B.I.A. Aug. 27, 2020), *aff'g* No. A046 002 995 (Immig. Ct. N.Y. City May 24, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C.

2

§ 1252(b)(4)(B). "Accordingly, we review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . By contrast, we review legal conclusions de novo." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted); *see also Nasrallah v. Barr*, 140 S. Ct. 1683, 1694 (2020) (holding that removability on criminal grounds does not limit our jurisdiction to review the denial of CAT relief).

The agency did not err in finding that Lopez Marin failed to establish a sufficient likelihood of torture in Colombia. A CAT applicant has the burden to demonstrate that he would "more likely than not" be tortured by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). The agency considers "all evidence relevant to the possibility of future torture," including "[e]vidence of past torture," ability to relocate, and violations of human rights within the country of removal. *Id.* § 1208.16(c)(3).

Lopez Marin provided background evidence on conditions in Colombia and alleged that he would be tortured by the guerilla group that murdered his father in 1981 because the

3

family's report of the murder resulted in the conviction and imprisonment of two individuals. General evidence of violence and corruption is not sufficient to establish that an applicant is more likely than not to be tortured. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (holding that CAT applicant must provide some evidence "that someone in his particular alleged circumstances is more likely than not to be tortured" (emphasis omitted)); *cf. Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d Cir. 1999) (noting that general violence does not establish a well-founded fear of persecution absent evidence of a particular risk to the applicant). Lopez Marin did not otherwise establish that he will be targeted for torture by the group that killed his father: his father's murder occurred over forty years ago, his family members in Colombia have not been targeted, and he had no information about the identity of any individuals or whether his father's killers had been released from prison or were still alive. Given the passage of time and the absence of evidence that anyone is interested in harming Lopez Marin,

4

substantial evidence supports the denial of CAT relief.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").  We have considered Lopez Marin's remaining arguments and find them to be without merit.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5